February 27, 2009

The Honorable Armando R. Villalobos
Cameron County District Attorney
Cameron County Courthouse
Post Office Box 2299
Brownsville, Texas 78522-2299

Opinion No. GA-0696

Re: Duties and compensation of foreign-language interpreters appointed under Code of Criminal Procedure article 38.30 (RQ-0739-GA)

Dear Mr. Villalobos:

You inquire about the duties and compensation of foreign-language interpreters appointed under Code of Criminal Procedure article 38.30.[1] You ask whether the interpreters must translate foreign language materials for the district attorney in preparation for a criminal proceeding and whether such work for the district attorney is subject to the compensation provisions of article 38.30(b) and (c). *See* Request Letter at 1.

Code of Criminal Procedure article 38.30(a) provides in part:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness. Any person may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein . . . .

TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon Supp. 2008).

An interpreter appointed pursuant to article 38.30 by the court in a criminal proceeding must appear before the judge or court to interpret for a witness or the person charged. *Id.* This provision does not require him to translate foreign language materials for the district attorney in preparation for criminal proceedings. *See id.* Subsections (b) and (c) of article 38.30 provide for compensating interpreters appointed "under the terms of this article" from the county's general fund. *Id.* art. 38.30(b)–(c). Interpreters appointed under article 38.30 do not perform translation work for the

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

district attorney in preparation for a criminal proceeding, and accordingly compensation under article 38.30 does not cover such work. *See id.* art. 38.30(a)–(c).

You also ask whether the Cameron County Commissioners Court must provide funding for translation services needed by the district attorney to prepare for trial. Request Letter at 1–2. As a county attorney performing the duties of a district attorney,[2] you are a prosecuting attorney who receives funding for expenses from both the state and the county. *See, e.g.,* TEX. GOV'T CODE ANN. § 41.101 (Vernon 2004); *id.* § 46.004(a) (Vernon Supp. 2008). A county may not reduce the funding it provides for the prosecutor's salary or office as a result of state funding. *Id.* § 46.006(b) (Vernon 2004). The commissioners court has authority to prepare the county budget, but it can be enjoined from adopting a budget that fails to provide essential funding for a prosecuting attorney's office. *See Randall County Comm'rs Ct. v. Sherrod,* 854 S.W.2d 914, 920–21 (Tex. App.—Amarillo 1993, no writ). The adequacy of a particular budget raises fact questions that cannot be answered in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0459 (2006) at 3–4.

---

[2]*See* TEX. GOV'T CODE ANN. § 46.002(3) (Vernon Supp. 2008).

### S U M M A R Y

Foreign language interpreters appointed pursuant to Code of Criminal Procedure article 38.30 in a criminal proceeding are required to interpret for a witness or the person charged. They are not required to perform translation work for the district attorney in preparation for a criminal proceeding, and their compensation under article 38.30 does not cover such work. The commissioners court has authority to prepare the county budget, but it can be enjoined from adopting a budget that fails to provide essential funding for a prosecuting attorney's office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee